**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MEGHAN CANEDY and SUZANNE WALKER, individually and on behalf of all similarly situated individuals, | ) ) ) ) | Case No. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CCMC, CORP., CONNECTICUT CHILDREN's MEDICAL CENTER, and CONNECTICUT CHILDREN'S SPECIALTY GROUP, INC. | ) ) ) ) ) | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |
| Defendants. | ) ) ) | **DEMAND FOR JURY TRIAL** |

Meghan Canedy ("Plaintiff Canedy" or "Plaintiffs") and Suzanne Walker ("Plaintiff Walker" or "Plaintiffs"), by and through the undersigned attorneys, brings this Complaint against CCMC, Corp., ("Defendant CCMC"), Connecticut Children's Medical Center ("Defendant Medical Center"), and Connecticut Children's Specialty Group, Inc. ("Defendant Specialty Group"), collectively, "Defendants," individually and on behalf of all similarly situated individuals and states as follows:

## INTRODUCTION

1.      This is a class and collective action brought by Plaintiffs on their own behalf and on behalf of all similarly situated current and former hourly neonatal and/or pediatric Advanced

Practice Registered Nurses ("APRNs") and Physician's Assistants ("PAs") of Defendants to recover for Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Connecticut Wage Statute, Conn. Gen. Stat. Ann. § 31-70, *et seq.*, and other appropriate rules, regulations, statutes, and ordinances.

2. Defendants employed Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs to perform skilled care in the various neonatal and pediatric units located within Waterbury Hospital, and on occasion, within Saint Mary's Hospital.

3. Plaintiffs and other similarly situated current and former neonatal and/or pediatric APRNs and PAs are hourly employees of Defendants.

4. Despite Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs regularly working in excess of 40 hours per workweek, Defendants paid their neonatal or pediatric APRNs and PAs their straight hourly rate for their work performed in excess of 40 hours per workweek (plus applicable shift differentials), thus, denying Plaintiffs and other similarly situated current and former neonatal and/or pediatric APRNs and PAs owed overtime premiums in violation of the FLSA.

5. The U.S. Department of Labor has recognized that bona fide exempt status for learned professional employees exists when *both* the duties test *and* the salary-basis are satisfied.

*See* DOL Fact Sheet #17A, at 2, attached hereto as Exhibit A (emphasis added).

6.     Further, the American Academy of Physician Assistants ("AAPA") informs PAs regarding the FLSA that, "[i]f an employer chooses to pay PAs hourly, then the PAs do not fall into the 'learned professionals' category or any other exempt category, and the employer is required under the law to pay them at least time-and-one-half for any hours over 40 worked in a week."

7.     Plaintiffs bring this action on behalf of themselves, and all other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties of Defendants, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## PARTIES

8.     Plaintiff, Meghan Canedy, is an individual who resides in the County of Litchfield, City of New Hartford, Connecticut. Plaintiff Canedy worked as an hourly APRN for Defendants in the APRN/PA neonatal and/or pediatric group from 2003 until on or around, September 30, 2016. Plaintiff Canedy brings this action on behalf of herself and all other current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties of Defendants, pursuant to 29 U.S.C. § 216(b), and her Consent to Sue is attached hereto as Exhibit B.

9. Plaintiff, Suzanne Walker, is an individual who resides in the County of Litchfield, City of Harwinton, Connecticut. Plaintiff Walker worked as an hourly PA October 1, 2016. Plaintiff Walker brings this action on behalf of herself and all other current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties of Defendants, pursuant to 29 U.S.C. § 216(b), and her Consent to Sue is attached hereto as Exhibit C.

10. Per Defendant CCMC's Consolidated Financial Statements and Supplementary Information hosted on Connecticut's official state website, Defendant CCMC is a domestic corporation "organized for the purpose of benefiting, carrying out the purposes of, and upholding, promoting and furthering the welfare, programs and activities of its subsidiary" Defendant Medical Center.[1] Defendant CCMC can be served through its Registered Agent, R & C Service Company, at 280 Trumbull Street, Hartford, Connecticut, 06103-3597.

11. Defendant Medical Center is a "not-for-profit children's hospital" offering a "comprehensive array of pediatric services" at multiple hospitals, Neonatal Intensive Care Units ("NICUs"), and specialty care centers.[2] Defendant Medical Center does not have principal details nor agent summary details registered with the Connecticut Secretary of State. Defendant Medical Center can be served through its President and Chief Executive Officer, James E.

---

[1] http://www.ct.gov/dph/lib/dph/ohca/hospitalfillings/2015/ctcmc_2015afs_parent.pdf (last visited May 11, 2017) (quoting the organization and accounting policies, at p.7).
[2] http://www.connecticutchildrens.org/resources/about-us/ (last visited May 11, 2017).

Shmerling, at 282 Washington Street, Hartford, Connecticut 06106.[3] Per Defendant Medical Center's Consolidated Financial Statements and Supplementary Information hosted on Connecticut's official state website, Defendant Medical Center is a "wholly-owned, tax-exempt subsidiary" of CCMC Corporation.[4] Thus, Defendant Medical Center can also be served through Defendant CCMC's Registered Agent, R & C Service Company, at 280 Trumbull Street, Hartford, Connecticut, 06103-3597.

12.     Defendant Medical Center is the sole member of Defendant Specialty Group.[5] Defendant Specialty Group is a domestic company registered with the Connecticut Secretary of State. Defendant Specialty Group can be served through its Registered Agent, R & C Service Company, at 280 Trumbull Street, Hartford, Connecticut, 06103-3597.

13.     Defendants were members of, and engaged in, a joint venture, partnership, or common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership, or common enterprise in employing Plaintiff and all other similarly situated current and former neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties.

---

[3]     http://www.connecticutchildrens.org/resources/about-us/leadership-and-board-directors/executive-management-team/#shmerling (last visited May 11, 2017).
[4]     http://www.ct.gov/dph/lib/dph/ohca/hospitalfillings/2015/ctcmc_2015afs_hospital.pdf (last visited May 11, 2017) (quoting the organization and accounting policies, at p.7).
[5]     *Id.*

14.     Plaintiffs are informed and believe, and allege thereon, that at all relevant times, each of the Defendants, whether individual, partner, or corporate was and is responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiffs' and all other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties, to be subject to the unlawful acts and practices complained of herein.

### JURISDICTION AND VENUE

15.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq.*

16.     This Court also has subject-matter jurisdiction over Plaintiffs' Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

17.     The FLSA applies to Defendants on an "enterprise" basis. Defendants are "engaged in the operation of a hospital." *See* 29 U.S.C. § 203(s)(1)(B). Further, upon information and belief, Defendants have more than two employees and their annual sales exceed $500,000. *See* 29 U.S.C. § 203(s)(1)(A). Defendants' employees engaged in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

18.     This Court has supplemental jurisdiction over the Connecticut state law wage and hour class under 28 U.S.C. § 1367 because all Connecticut claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

19.     This Court has personal jurisdiction over Defendant CCMC because it is a Connecticut corporation that does business within the State of Connecticut and is registered with the Connecticut Secretary of State.

20.     This Court has personal jurisdiction over Defendant Medical Center because it does business through multiple hospitals, NICUs and specialty care centers throughout the State of Connecticut and is registered with the Connecticut Secretary of State.

21.     This Court has personal jurisdiction over Defendant Specialty Group because it is a Connecticut company that does business within the State of Connecticut and is registered with the Connecticut Secretary of State.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

### **GENERAL ALLEGATIONS**

23.     Plaintiff Canedy worked as an APRN for Defendants in the APRN/PA neonatal

and/or pediatric group from 2003 until on or around, September 30, 2016. Plaintiff Canedy was an hourly employee. Her hourly rate of pay varied depending on what shift she was working because Defendants utilized shift differentials for their hourly employees. *See, e.g.,* Plaintiff Canedy paystubs for the pay period 04/27/2014 through 05/10/2014, 10/11/2015 through 10/24/2015, and 05/08/2016 through 05/21/2016, attached hereto as Exhibit D.

24.     Plaintiff Walker worked as a PA for Defendants in the APRN/PA neonatal and/or pediatric group from 2004 until on or around, October 1, 2016. Plaintiff Walker was an hourly employee. Her hourly rate of pay varied depending on what shift she was working because Defendants utilized shift differentials for their hourly employees. *See, e.g.,* Plaintiff Walker paystubs for the pay period 07/06/2014 through 07/19/2014, 02/15/2015 through 02/28/2015, and 08/14/2016 through 08/27/2016, attached hereto as Exhibit E.

25.     Plaintiffs and the other similarly situated individuals were, or are, employed by Defendants as hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties of Defendants.

26.     Defendant Medical Center is a "not-for-profit children's hospital" offering a "comprehensive array of pediatric services" at multiple hospitals, Neonatal Intensive Care Units ("NICUs"), and specialty care centers.[6]

---

[6]     http://www.connecticutchildrens.org/resources/about-us/ (last visited May 11, 2017).

27.     Regardless of formal job title, Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs' primary function was to provide skilled care in the various neonatal and pediatric units located within Waterbury Hospital, and on occasion, within Saint Mary's Hospital as assigned and directed to by Defendants.  Specifically, Plaintiffs' duties included, but were not limited to, attending high risk deliveries in the Family Birthing Unit; admitting, performing physical exams, developing plans of care, and providing care for infants in the Special Care Nursery and the inpatient level 2 NICU; discussing plans and procedure with patients' families; and providing pediatric consults in the emergency room.

28.     Despite Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs regularly working in excess of 40 hours per workweek, Defendants paid their hourly neonatal or pediatric APRNs and PAs their straight hourly rate (plus applicable shift differentials) for their work performed in excess of 40 hours per workweek. *See, e.g.,* Exhibit D (noting Plaintiff Canedy worked 104 hours in two-week pay period ending 05/10/2014, 104.50 hours in two-week pay period ending 10/24/2015, and 100.50 hours in two-week pay period ending 05/21/2016 and was paid her straight time hourly rate of pay, plus applicable shift differentials, for all hours); Exhibit E (noting Plaintiff Walker worked 104 hours in two-week pay period ending 11/09/2013, 124.50 hours in two-week pay period ending 02/28/2015, and 112.50 hours in two-week pay period ending 08/27/2016 and was paid her straight

time hourly rate of pay, plus applicable shift differentials, for all hours).

29.     Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs do not satisfy both the duties test and the salary-basis test to be classified

under a bona fide exemption for learned professionals, and thus, they are non-exempt workers under the FLSA.

30.     Defendants knew or should have known that, under the FLSA, Plaintiff and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable time for workweeks in excess of 40 hours. 29 U.S.C. § 207(a)(1).

31.     Defendants knew or should have known that under the Connecticut Wage Statute Plaintiff and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable time for workweeks in excess of 40 hours. Conn. Gen. Stat. Ann. § 31-76c.

32.     Despite this, Defendants failed to pay Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs overtime at one and one-

half times their regular rates of pay for work performed in excess of 40 hours per workweek.

33.     In reckless disregard of the FLSA and the Connecticut Wage Statute, Defendants adopted and then adhered to their policy and plan of employing Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs to perform work in excess of 40 hours per workweek without premium overtime compensation for those hours. This policy resulted in Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs not being paid overtime premiums in violation of the FLSA and the Connecticut Wage Statute.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff Canedy brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> All current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties employed by CCMC, Corp., Connecticut Children's Medical Center, and/or Connecticut Children's Specialty Group, Inc., at any time during the last three years, who performed work in excess of 40 hours in any given workweek and were not compensated at the overtime premium.

Plaintiff Canedy reserve the right to amend the putative class definition as necessary.

35.     Plaintiff Canedy does not bring this collective action on behalf of any employees

correctly classified as exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those who were paid the legal rate for each hour worked.

36. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff Canedy under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff Canedy brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' policy of not paying their hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties for worked performed in excess of 40 hours per workweek at the overtime at a rate of one-and-one-half times their regular rates of pay); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendants and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

37. Plaintiff Canedy shares the same interests as the putative conditional class and will be entitled to unpaid compensation at a rate of at least minimum wage, overtime compensation, interest, attorneys' fees, and costs owed under the FLSA.

38. Plaintiff Canedy's entitlement to premium overtime pay for workweeks in excess of 40 hours would be similar, except for amount, of individuals similarly situated to her and depends on an identical factual question: whether Plaintiff Canedy and the putative conditional class were required by Defendants to perform work in excess of 40 hours per workweek and whether Defendants denied them premium overtime compensation for their work performed in excess of 40 hours per workweek.

39. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, by routinely suffering or permitting Plaintiff Canedy, FLSA Collective action member, Plaintiff Walker, and the putative conditional class to work in excess of 40 hours per week without receiving premium overtime compensation at one and one-half times their regular rates of pay for hours worked and instead only paying Plaintiff Canedy, FLSA Collective action member, Plaintiff Walker, and the putative conditional class their straight time hourly rate of pay (plus applicable shift differentials) for hours worked in excess of 40.

41. Defendants are liable under the FLSA for failing to properly compensate Plaintiff Canedy, FLSA Collective action member, Plaintiff Walker, and the putative conditional class, and as such, notice should be sent.

42. Upon information and belief, there are numerous and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties, who performed work in excess of 40 hours per workweek and were not compensated overtime premiums in violation of FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

43. Plaintiff Walker brings this class action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties employed by CCMC, Corp., Connecticut Children's Medical Center, and/or Connecticut Children's Specialty Group, Inc., at any time during the last two years, who performed work in excess of 40 hours in any given workweek and were not compensated at the overtime premium.

Plaintiff Walker reserve the right to amend the putative class definition as necessary.

44. *Numerosity:* The members of the Connecticut Class are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel and payroll records.

45. *Commonality/Predominance:* There is a well-defined community of interest among Connecticut Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

> a. whether Defendants maintained common policies or practices that required its employees to perform work beyond 40 hours in a workweek;
>
> b. whether the Connecticut Wage Statute requires Defendants to pay overtime wages to Plaintiffs and the putative class members for requiring them to perform work;
>
> c. whether Defendants violated the Connecticut Wage Statute through its pay practices;
>
> d. whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the Connecticut Wage Statute; and
>
> e. whether Defendants' violations were willful.

46.     *Typicality:* Plaintiff Walker's claims are typical of those of Connecticut Class member, Plaintiff Canedy, and the Connecticut Class in that Plaintiff Walker and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.    Plaintiff Walker's claims arise from Defendants' policies, practices, and course of conduct as all other Connecticut Class members' claims, including, Connecticut Class member, Plaintiff Canedy, and Plaintiff Walker's legal theories are based on the same legal theories as all other Connecticut Class members: whether all Class members were employed by Defendants on an hourly basis without receiving overtime wages owed for that work.

47.     *Adequacy:* Plaintiff Walker will fully and adequately protect the interests of the Connecticut Class and Plaintiff Walker and Connecticut Class member, Plaintiff Canedy, retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions.    Neither Plaintiff Walker, Connecticut Class member, Plaintiff Canedy, nor their counsel has interests that are contrary to, or conflicting with, the interests of the Connecticut Class.

48.     *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for Connecticut Class members to prosecute individual actions of their own given the relatively

small amount of damages at stake for each individual along with the fear of reprisal by their employer.

49.     The case will be manageable as a class action.  Plaintiff Walker, Connecticut Class member, Plaintiff Canedy, and their counsel know of no unusual difficulties in the case and Defendants have payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease.  Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

50.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

51.     At all relevant times, Defendants were separately and jointly "employers" of Plaintiffs within the meanings of 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*, and were members of, and engaged in, a joint venture, partnership, and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership or common enterprise in employing Plaintiffs and other similarly situated

current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties.

52. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA. *See* 29 U.S.C. § 203(s)(1)(A)-(C).

53. At all relevant times, Plaintiffs were each an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

54. Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. The position of hourly neonatal and/or pediatric APRNs and PAs is not exempt from the FLSA.

56. Defendants' other hourly job titles performing similar job duties as hourly neonatal and/or pediatric APRNs and PAs are not exempt from the FLSA.

57. At all relevant times, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

58. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

59.     Defendants violated the FLSA by failing to pay Plaintiffs the federally mandated overtime premium for all hours worked in excess of 40 hours per workweek.

60.     Upon information and belief, Defendants have corporate policies and practices of evading premium overtime pay for its current and former hourly neonatal and/or pediatric APRNs and PAs and Defendants' violations of the FLSA were knowing and willful.

61.     By failing to compensate their current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).   All similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs or other job titles performing similar job duties are victims of a uniform and company-wide policy which operates to compensate employees at a rate less than the federally mandated overtime wage rate.   This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendants in the same or similar position as Plaintiffs.

62.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

19

## COUNT II

### (Class Action)
### VIOLATION OF THE CONNECTICUT WAGE STATUTE

63.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further alleges as follows.

64.    At all relevant times, Defendants were separately and jointly "employers" of Plaintiffs, covered by the overtime mandates of the Connecticut Wage Statute. *See* Conn. Gen. Stat. Ann. § 31-71a(1).

65.    At all relevant times, Plaintiffs were each an "employee" of Defendants within the meaning of the Connecticut Wage Statute. *See id.* at § 31-71a(2).

66.    The Connecticut Wage Statute requires employees be paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable time for workweeks in excess of 40 hours. *Id.* § 31-76c.

67.    The Connecticut Wage Statute requires each employer to "pay weekly, or once every two weeks, all wages, salary or other compensation due each employee on a regular pay day." *Id.* at § 31-71b(a)(1).

68.    When an employer fails to pay an employee in accordance to the Connecticut Wage Statute, employees are entitled to bring a civil action to recover "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court." *Id.*

§ 31-72.

69.   Defendants violated the Connecticut Wage Statute by regularly and repeatedly failing to compensate Plaintiffs and other similarly situated current and former hourly neonatal and/or pediatric APRNs and PAs for hours worked in excess of 40 at the premium overtime rate, as described in this Complaint.

70.   As a result, Plaintiffs and the Connecticut Class have and will continue to suffer loss of income and other damages.  Accordingly, Plaintiffs and the Connecticut Class are entitled to recover unpaid wages owed, plus costs, attorneys' fees, and other appropriate relief under the Connecticut Wage Statute at an amount to be proven at trial

**WHEREFORE**, Plaintiffs requests the following relief:

a.   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.   Certifying the Connecticut class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c.   Designating Named Plaintiff, Plaintiff Canedy, as the Class Representative of the FLSA Collective Class;

d.   Designating Named Plaintiff, Plaintiff Walker, as the Class Representative of the Rule 23 Connecticut Class;

e.   Appointing Johnson Becker, PLLC as Interim Lead Class Counsel with respect to Plaintiff's Rule 23 claims and FLSA claims;

f.   Declaring that Defendants willfully violated the Fair Labor Standards Act and its

attendant regulations as set forth above;

g.    Declaring that Defendants violated its obligations under the FLSA;

h.    Declaring that Defendants willfully violated the Connecticut Wage Statute;

i.    Granting judgment in favor of Plaintiffs and against Defendants and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times Plaintiffs' regular rate multiplied by all hours that Plaintiffs worked in excess of the prescribed number of hours per week for the past three (3) years for the FLSA Class and two (2) years for the State Class;

j.    Awarding liquidated damages to Plaintiffs, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiffs and awarding Plaintiffs and the class members all other available compensatory damages, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated damages by Defendants under the FLSA and the Connecticut Wage Statute;

k.    Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

l.    Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

m.    Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Date: May 11, 2017

Respectfully submitted,

By: _____

Deborah M. Garskof, CT 18779
Neal L. Moskow, CT 04516
Ury & Moskow, LLC
883 Black Rock Turnpike
Fairfield, CT 06824
203-610-6393
203-610-6399
Deborah@urymoskow.com
neal@urymoskow.com
Attorneys for Plaintiff

*Local Counsel for Plaintiffs*

*Pro Hac Vice* Anticipated

Jacob R. Rusch (MN Bar No. 391892)*
David H. Grounds (MN Bar No. 0285742)
Molly E. Nephew (MN Bar No. 0397607)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com
dgrounds@johnsonbecker.com
mnephew@johnsonbecker.com

*Trial Counsel for Plaintiffs*